**FILED - GR**

April 1, 2010 4:24 PM

TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:_rmw_/_____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

THE ESTATE OF JOHN HOWARD KETCHAPAW,
BY AND THROUGH THE PERSONAL REPRESENTATIVE,
LINDA KETCHAPAW,

         Plaintiff,

**1:10-cv-320**

**Janet T. Neff**
**U.S. District Judge**

Civil No.

v.

**COMPLAINT AND DEMAND**
**FOR JURY TRIAL**

OTTAWA COUNTY SHERIFF'S DEPARTMENT,
CASEY WRIGHT, LISSA BECHLER, JANET LANCE
AND SECURE CARE CORPORATION.
Jointly and Severally,

         Defendants.

_____

KAECHELE & WILENSKY, P.C.
By: Neal J. Wilensky (P35182)
Attorney for Plaintiff
6500 Centurion, Suite 230
Lansing, Michigan 48917
(517) 853-1940

LAW OFFICE OF PATRICK O. STRONG
Patrick O. Strong (P58223)
Attorney for Plaintiff
12505 Northland Drive, Suite A7
Cedar Springs, Michigan 49319
(616) 696-2925

_____

## COMPLAINT

**NOW COMES** Plaintiff, The Estate of John Howard Ketchapaw, by the Personal

Representative Linda Ketchapaw, by and through her counsel, Neal J. Wilensky and Patrick O.

Strong and for her causes of action against defendants, state and allege as follows:

1.    This is an action for money damages arising out of the wrongful death of John Howard Ketchapaw under the laws of the State of Michigan and the laws of the United States of America and its Constitution.

2.    This Court has jurisdiction over Plaintiff's claims under the 1983 action pursuant to 28 U.S.C. §1331 and §1343 because these claims arise under the Constitution and laws of the United States and are brought to redress the deprivation under color of state law the privileges and immunities secured by the Constitution of the United States.

3.    The proper venue for this cause of action is in the United States District Court for the Western District of the State of Michigan where the acts and omissions claimed of occurred in the County of Ottawa, State of Michigan.

4.    Pursuant to 28 U.S.C. §1367 this Court has supplemental jurisdiction over any claims arising under Michigan law.

5.    That on the morning of November 12, 2007 District Judge Kloote sentenced Plaintiff's decedent, John Howard Ketchapaw, to three days in jail for possession of fireworks.

6.    That Plaintiff's decedent was booked into the Ottawa County Jail at 12:47 p.m. by Deputy Lissa Bechler.

7.    At the time of the booking Plaintiff's decedent told Officer Bechler of a prior suicide plan, to take his own life, one week prior.

8.    That at the time of booking after a brief discussion with Officer Bechler about Community Mental Health issues Plaintiff, John Howard Ketchapaw, expressed an interest and wanted to see a Community Mental Health counselor.

2

9. That as a result of the screening performed by Officer Bechler she indicated that an eminent suicide risk existed and frequent cell checks were necessary to protect Plaintiff's decedent.

10. At the time of the booking Officer Bechler also indicated that the Plaintiff's decedent needed to be evaluated by the Community Mental Health personnel.

11. That despite Officer Bechler's knowledge that an eminent suicide risk existed and that Plaintiff's decedent had told her of a suicide plan to take his own life one week prior; Plaintiff was put in a cell where he was not continually observed and was not reasonably monitored for his safety.

12. That at all times material herein there were no attempts whatsoever to contact Community Mental Health by page, by phone or other means to arrange an assessment by Community Mental Health of John Howard Ketchapaw by Officer Bechler or any other Defendant, Ottawa County Sheriff's Department personnel.

13. On the medical screening form utilized by Ottawa County jail personnel the booking officer recommended health service and or emergency treatment.

14. Despite the existence of John Howard Ketchapaw's serious medical / mental health treatment needs and his cries for help the necessary medical / mental health care was not provided for.

15. Despite Defendant Officer Bechler knowing that an eminent suicide risk existed and that Plaintiff's decedent wanted to see a Community Mental Health worker and had recommended emergency treatment for Plaintiff's decedent, Defendant Officer Lissa Bechler failed to contact Community Mental Health, failed to obtain emergency treatment for Plaintiff's

3

decedent and did nothing whatsoever.

16.     That Janet K. Lance, an LPN working at the Ottawa County Jail and employed
by Defendant, Secure Care Corporation, attempted to visit John Howard Ketchapaw in the early
evening of November 12, 2007. This attempt was in part to do a medication check and in part to
assess his mental status in light of the possibility of suicide indicated on booking forms.

17.     That Janet Lance was not allowed to see John Howard Ketchapaw because
Deputy Casey Wright indicated that the person in RTOX 5 had serious mental problems.

18.     That the person in RTOX 5 was actually Thomas Schwerin and not John Howard
Ketchapaw who was in RTOX 2.

19.     That despite knowing the risk that existed due to John Howard Ketchapaw's
mental status LPN, Janet Lance, did not go through her chain of command or through the jail's
chain of command to actually see and assess John Howard Ketchapaw.

20.     That despite Defendant Officer Casey Wright knowing that an eminent suicide risk
existed for Plaintiff's decedent based on the screening performed by Defendant Officer Bechler,
Defendant Officer Casey Wright refused Defendant LPN, Janet Lance's ability to assess John
Howard Ketchapaw, did not contact Community Mental Health or try to secure emergency
treatment for John Howard Ketchapaw and allowed him to be held in a cell that could not be
monitored by jail personnel due to the window of the cell being covered.

21.     That at or around 10:38 p.m. the two cell mates that were in the same cell as John
Howard Ketchapaw were removed for purposes of taking a shower.

22.     In holding cell No. 2 a prisoner, including but not limited to John Howard
Ketchapaw, could not be monitored by jail personnel due to the window of the cell being covered.

4

23.    That at or around 11:09 p.m. John Howard Ketchapaw was discovered in cell No.
2 by Officer Casey Wright with the telephone cord from the telephone in cell No. 2 wrapped
around his neck.

24.    That Deputy Wright did not initiate CPR but did remove the telephone cord from
John Howard Ketchapaw's neck.

25.    That Plaintiff's decedent was taken to the North Ottawa Community Hospital and
ultimately to Mercy Hospital in Muskegon.

26.    Plaintiff's decedent, John Howard Ketchapaw, died on November 15, 2007 due
to injuries from suicide by self-strangulation.

## COUNT I.
## 42 U.S.C. § 1983 VIOLATIONS OF THE EIGHTH
## AND FOURTEENTH AMENDMENTS

27.    Plaintiff hereby incorporates by reference all of the facts and allegations stated in
paragraphs 1 through 26 above as if fully set forth herein and further alleges as follows:

28.    At all times relevant hereto Defendant County of Ottawa had a constitutional
obligation under the Eighth Amendment to provide adequate medical care to those they had
incarcerated including, but not limited to, John Howard Ketchapaw.

29.    That Defendant, its employees, the health care providers and their employees in
contract with Defendant performed their correctional facility tasks including specifically the
provision of inmate medical care while under the color of state law. In performing the functions
associated with the provision of medical care to inmates the private facilities, their employees,
healthcare providers and those under contract with Defendant County of Ottawa are state actors.

30.    That the acts and omissions as described above amount to a deliberate indifference

5

by Defendant Officer Lissa Bechler and to deliberate indifference by Defendant County of Ottawa as to John Howard Ketchapaw's serious medical and mental health needs which constitute cruel and unusual punishment in contravention of the Eighth Amendment of the Constitution of the United States by virtue of the unreasonable refusal to provide consistent and reasonable medical / mental health / psychiatric care thereby causing substantial harm to through the death of John Howard Ketchapaw.

31. That despite Defendant Officer Bechler knowing that an eminent suicide risk existed for Plaintiff's decedent based on her own booking intake procedures and knowing that she recommended emergency treatment, did not contact Community Mental Health to seek emergency treatment for Plaintiff's decedent, did not place Plaintiff's decedent in a cell where he could be observed at all times and did nothing whatsoever which amounts to deprivation of John Howard Ketchapaw's Eighth Amendment Constitutional Rights.

32. The acts and omissions of Defendant Officer Bechler were reckless acts which were wantonly committed in utter disregard for the safety and care of John Howard Ketchapaw and were such a departure from the ordinary standard of care they constitute a willful and wanton misconduct and as such, punitive damages are warranted in this cause of action.

33. That as a proximate direct result of Defendant Officer Bechler's acts and omissions as specified above the estate of John Howard Ketchapaw suffered damages including but not limited to:

      a.     Loss of society, companionship and future relationship of John Howard Ketchapaw.

      b.     Pecuniary loss to the Estate of John Howard Ketchapaw including loss of income and support.

6

    c.      Funeral Expenses.

    d.      Punitive damages against Defendant Officer Lissa Bechler

WHEREFORE, Plaintiff demands judgment against Defendant, Officer Lissa Bechler in an amount she is found to be entitled to in excess of One Hundred Thousand Dollars plus costs, interest and reasonable attorney fees and punitive damages as allowed under the Federal Rules of Civil Procedure.

## COUNT II

34.    Plaintiff hereby incorporates by reference all of the facts and allegations stated in paragraphs 1 through 33 above as if fully set forth herein and further alleges as follows:

35.    At all times relevant hereto Defendant County of Ottawa had a constitutional obligation under the Eighth Amendment to provide adequate medical care to those they had incarcerated including, but not limited to, John Howard Ketchapaw.

36.    That Defendant, its employees, the health care providers and their employees in contract with Defendant performed their correctional facility tasks including specifically the provision of inmate medical care while under the color of state law. In performing the functions associated with the provision of medical care to inmates the private facilities, their employees, healthcare providers and those under contract with Defendant County of Ottawa are state actors.

37.    That the acts and omissions as described above amount to a deliberate indifference by Defendant Officer Casey Wright and to deliberate indifference by Defendant County of Ottawa as to John Howard Ketchapaw's serious medical and mental health needs which constitute cruel and unusual punishment in contravention of the Eighth Amendment of the Constitution of the United States by virtue of the unreasonable refusal to provide consistent and reasonable medical /

7

mental health / psychiatric care thereby causing substantial harm to through the death of John Howard Ketchapaw.

38. That despite Defendant Officer Casey Wright knowing that an eminent suicide risk existed for Plaintiff's decedent based on the screening performed by Defendant Officer Bechler, Defendant Officer Casey Wright refused Defendant LPN, Janet Lance's ability to assess John Howard Ketchapaw, did not contact Community Mental Health or try to secure emergency treatment for John Howard Ketchapaw and allowed him to be held in a cell that could not be monitored by jail personnel due to the window of the cell being covered amount to deprivation of John Howard Ketchapaw's Eighth Amendment Constitutional Rights.

39. Despite Defendant Officer Casey Wright knowing that an eminent suicide risk existed for Plaintiff's decedent based on screening performed by Defendant Officer Bechler, Defendant Officer Casey Wright disabled the buzzers from the cells during the evening of November 12, 2007.

40. The acts and omissions of Defendant Casey Wright were reckless acts which were wantonly committed in utter disregard for the safety and care of John Howard Ketchapaw and were such a departure from the ordinary standard of care they constitute a willful and wanton misconduct and as such, punitive damages are warranted in this cause of action.

41. That as a proximate direct result of Defendant Officer Wright's acts and omissions as specified above the estate of John Howard Ketchapaw suffered damages including but not limited to:

        a.    Loss of society, companionship and future relationship of John Howard Ketchapaw.

8

      b.     Pecuniary loss to the Estate of John Howard Ketchapaw including loss of income and support.

      c.     Funeral Expenses.

      d.     Punitive damages against Defendant Officer Casey Wright.

WHEREFORE, Plaintiff demands judgment against Defendant, Officer Casey Wright in an amount she is found to be entitled to in excess of One Hundred Thousand Dollars plus costs, interest and reasonable attorney fees and punitive damages as allowed under the Federal Rules of Civil Procedure.

## COUNT III

42.    Plaintiff hereby incorporates by reference all of the facts and allegations stated in paragraphs 1 through 41 above as if fully set forth herein and further alleges as follows:

43.    That Defendant County of Ottawa's actions and inactions as described above constitute violation of John Howard Ketchapaw's liberty without due process of law in violation of the Fourteenth Amendment of the Constitution of the United States by virtue of Defendant's unreasonable refusal to provide consistent and reasonable medical / mental health / psychiatric care and failing to put Plaintiff's decedent on a suicide watch.

44.    That as a proximate direct result of Defendant County of Ottawa's acts and omissions as specified above the estate of John Howard Ketchapaw suffered damages including but not limited to:

      a.     Loss of society, companionship and future relationship of John Howard Ketchapaw.

      b.     Pecuniary loss to the Estate of John Howard Ketchapaw including loss of income and support.

9

        c.     Funeral Expenses.

        d.     Punitive damages against Defendant County of Ottawa.

WHEREFORE, Plaintiff demands judgment against Defendant, County of Ottawa in an
amount she is found to be entitled to in excess of One Hundred Thousand Dollars plus costs,
interest and reasonable attorney fees and punitive damages as allowed under the Federal Rules of
Civil Procedure.

## COUNT IV

45.     Plaintiff hereby incorporates by reference all of the facts and allegations stated in
paragraphs 1 through 44 above as if fully set forth herein and further alleges as follows:

46.     The County of Ottawa had no policy following an assessment or determination of
a suicide risk of an inmate.

47.     The County had no policy for frequency of observation of inmates posing a higher
suicide risk.

48.     The County had no policy on placing individuals deemed a higher suicide risk in
cells that could be observed by jail officials at all times.

49.     The County had no policy prohibiting the disabling of buzzers in individual cells
other than they are reset after thirty minutes if disabled.

50.     The County had a policy using a restraint chair for inmates who present dangers to
themselves, but did not adequately train staff in the policy of the restraint chair.

51.     That the County had either a policy or contract with Community Mental Health
about referring inmates at high risk to a Community Mental Health professional for assessment

10

and treatment, but did not adequately train its employees in this policy.

52.     That as a proximate and direct result of the County of Ottawa's lack of policies as specified above and lack of training on certain policies they did have, John Howard Ketchapaw committed suicide at the Ottawa County jail on November 12, 1997 and the Estate of John Howard Ketchapaw suffered damages including, but not limited to:

> a.      Loss of society, companionship and future relationship of John Howard Ketchapaw.
>
> b.      Pecuniary loss to the Estate of John Howard Ketchapaw including loss of income and support.
>
> c.      Funeral Expenses.
>
> d.      Punitive damages against Defendant County of Ottawa.

WHEREFORE, Plaintiff demands judgment against Defendant County of Ottawa in an amount she is found to be entitled to in excess of One Hundred Thousand Dollars plus costs, interest and reasonable attorney fees and punitive damages as allowed under the Federal Rules of Civil Procedure.

## COUNT V

53.     Plaintiff hereby incorporates by reference all of the facts and allegations stated in paragraphs 1 through 52 above as if fully set forth herein and further alleges as follows:

54.     That Janet K. Lance was an LPN working at the Ottawa County Jail pursuant to a contract between the County of Ottawa and Secure Care Corporation, her employer.

55.     At all times relevant hereto there was a contract in place between the County of Ottawa and Secure Care Corporation to provide certain health care services at the Ottawa County Jail.

11

56. That on the evening of September 12, 2007, Janet Lance attempted to evaluate Plaintiff's decedent, John Howard Ketchapaw, to assess mental status in light of the possibility of suicidal risk that was indicated on booking forms as well as to do a medication check.

57. That Defendant Janet Lance was not allowed to see Plaintiff's decedent because Defendant Deputy Wright had the cell of John Howard Ketchapaw confused with another inmate and denied her access to Plaintiff's decedent on that evening.

58. That at no time, knowing the eminent risk of suicide existed to Plaintiff's decedent, did Janet Lance go through her chain of command or the jail's chain of command to make sure that she saw and assessed Plaintiff's decedent, John Howard Ketchapaw.

59. That the acts and omissions as described above amount to deliberate indifference by Janet Lance as to John Howard Ketchapaw's serious mental health needs which constitute cruel and unusual punishment in contravention of the Eighth Amendment of the Constitution of the United States.

60. That the acts and omissions by LPN Janet Lance were reckless acts which were wantonly committed in utter disregard for the safety and care of John Howard Ketchapaw and were such a departure from the ordinary standard of care they constitute a willful and wonton misconduct and such, punitive damages are warranted in this cause of action.

61. As a direct result of Defendant Janet Lance's acts and omissions as specified above the Estate of John Howard Ketchapaw suffered damages including, but not limited to:

> a. Loss of society, companionship and future relationship of John Howard Ketchapaw.
>
> b. Pecuniary loss to the Estate of John Howard Ketchapaw including loss of income and support.

12

c.    Funeral Expenses.

d.    Punitive damages against Defendant Janet Lance.

WHEREFORE, Plaintiff demands judgment against Defendant Janet Lance in an amount she is found to be entitled to in excess of One Hundred Thousand Dollars plus costs, interest and reasonable attorney fees and punitive damages as allowed under the Federal Rules of Civil Procedure.

## COUNT VI

62.    Plaintiff hereby incorporates by reference all of the facts and allegations stated in paragraphs 1 through 61 above as if fully set forth herein and further alleges as follows:

63.    Defendant Secure Care had no policy in place to insure that Janet Lance saw and assessed the medical and mental health needs of Plaintiff's decedent John Howard Ketchapaw on the evening of November 12, 2007.

64.    That under the Doctrine of Respondeat Superior because Defendant Secure Care Corporation is not a State of Michigan, county, municipality or other governmental entity they are responsible for the actions and inactions of their employee, Janet Lance.

65.    That Janet Lance not assessing John Howard Ketchapaw on the evening of June 12, 2007 violated the terms and conditions of the contract that Secure Care Corporation had with the Defendant County to provide health care services to inmates of the Ottawa County Jail.

66.    As a direct result of Defendant Secure Care Corporation's acts and omissions as specified above, the Estate of John Howard Ketchapaw suffered damages including, but not limited to:

a.    Loss of society, companionship and future relationship of John Howard Ketchapaw.

13

b.    Pecuniary loss to the Estate of John Howard Ketchapaw including loss of income and support.

c.    Funeral Expenses.

d.    Punitive damages against Defendant Secure Care Corporation.

WHEREFORE, Plaintiff demands judgment against Defendant Secure Care Corporation in an amount she is found to be entitled to in excess of One Hundred Thousand Dollars plus costs, interest and reasonable attorney fees and punitive damages as allowed under the Federal Rules of Civil Procedure.

## DEMAND FOR JURY TRIAL

Plaintiff hereby Demands Trial by Jury.

DATED this 31st day of March, 2010.

BY: NEAL J. WILENSKY P-35182
KAECHELE & WILENSKY, P.C.
6500 Centurion, Suite 230
Lansing, Michigan 48917
(517) 853-1940

LAW OFFICE OF PATRICK O. STRONG
PATRICK O. STRONG P-58223
12505 Northland Drive, Suite A7
Cedar Springs, Michigan 49319
(616) 696-2925

14